Good morning, Your Honor. It's John Drury on behalf of Petitioner and Appellant Juan Harrison. This is a fairly complicated case. I want to focus on what I think is a central error that occurred in the district court when the motion to dismiss was granted. And the error I'm talking about is the unwillingness of the district court to take into consideration the fact that the superior court decision was a wide, wild, in fact, departure from California law when the superior court found that the petition was untimely. The way that that was treated by the district court was to say, well, we're just doing this under a PACE analysis, and PACE says that when the state court says it's untimely, that's the end of the inquiry. And the findings and recommendations adopted by the district court said, well, if we now try to second-guess that decision from the state court, that's not the end of the matter anymore. We're actually doing a review of the state court's decision of its own loss, untimeliness. I understand that point of view, and that's not what I'm asking this court to do, and that's not what I'm suggesting is the correct way to analyze this. What I'm suggesting is that even if you do not take any direct review of the California superior court's decision, you still can assess the reasonableness of it under California law for purposes of imputing that decision to the higher courts. Okay? Yolst says that you can do that. Yolst, let me, I have the quote at PACE, and I'm not going to read it out. Page 805 of the U.S. report, 501, in discussing how the look-through presumption might produce a false result, saying, you know, we know it's not infallible, that's why it's a rebuttable presumption, the Supreme Court said, quote, the details of state law need not be inquired into unless, if they should be, as the habeas petitioner asserts, they would constitute strong evidence that the presumption as applied is wrong. That is exactly this case. The superior court decision in this case is so far away from California timeliness law that it is unreasonable to believe that the court of appeal or that the California Supreme Court adopted that decision. This is the analysis of the superior court I'm reading from the decision, one or two sentences, on the issue of timeliness. More than one year after the remitted or issued on the affirmance of the judgment in petitioner's appeal of Sacramento County Superior Court case number such-and-such, petitioner filed the instant habeas corpus petition to challenge that judgment. As such, the petition is untimely. That is the full analysis in the superior court's decision of the timeliness of the filing of that initial petition for rid of habeas corpus. That's not California law. Clark says so. The entire California jurisprudence before and after Clark have said so, that timeliness is an equitable assessment. Whether or not the petition has presented in a reasonable time after the basis for the petition has been discovered, that's California jurisprudence. There is no, it's one year after the remitted or and therefore it's untimely. That is a superior court that was on a frolic of its own with that analysis. The proffer was made, parenthetically, to the magistrate during the argument that this was a policy that had been adopted in Sacramento County Superior Court. But it has never been the law of the state of California. So what... I'm sorry, I was gathering. Well, did you say that this is consistent practice in Sacramento Superior Court? What I was given to understand is that it was a policy that had been adopted in Sacramento Superior Court. Whether this was the first case in that policy, in the implementation, or whether it was the 15th, I don't know. That might make a difference, actually. If you take by analogy our rules as to state court procedural bars, if you have something that's a procedural bar asserted by the state for the first time, and it's a totally unexpected rule, that's a basis for us not applying the state court procedural bar because it's an unexpected, unforeseen, unpredictable change of the state law, and we disregard it. So it might be useful for us to know if this was a longstanding practice in the Sacramento court, one that this was the first case they'd ever done it, that up until that time routinely allowed five years, and so on. But the answer is at the moment you don't know. That's the answer. Another comment I would make is that the argument in the magistrate's court, there wasn't any argument in the district court, but in the magistrate's court it became apparent that this might be significant to me, and I asked the magistrate for time to look at it. Fortunately, we're not dealing with a body of published case law here. We're dealing with a policy by the current one or possibly two judges that hear habeas petitions in the Sacramento County Superior Court at that particular time, and it's a rotating position in that court. But the information that we had is that Judge Sapanauer was denying these for untimeliness if they exceeded a year from the issuance of the remediator. It is not a rule. It's not a Superior Court rule. There is not a stitch of California state law that supports it. He just does it. Now the Court of Appeal denies our petition without comment. The California Supreme Court holds our petition and reviews it for in excess of a year, then denies it without comment. By the way, without any citation at all, at the end of a year in which the California Supreme Court had denied 517 petitions with a citation to Henry Clark, our timeliness case. They did that 517 times. In the year they denied our petition and there's no citation to Clark in ours. That's a piece of information that I think this Court is allowed to consider under YILS on the question of whether it makes sense to impute to the California Supreme Court the decision, the wild decision of the Sacramento County Superior Court. I think the irrationality or the lack of support in California law for the Superior Court's decision, the fact that Clark hasn't cited all of those militate against applying that YILS presumption in this case. I know the Attorney General has suggested that the timeliness decision was really a Clark decision, but I urge the Court, if the Court has any question about that, to read carefully this Superior Court decision. It does make reference to Henry Clark, but it makes reference to Henry Clark when it does an analysis of since we have an untimely petition, does it fall within any of the exceptions that would still allow the petition to go ahead? And Clark, which is a big case that does a survey of the law, talks about timeliness and also talks about exceptions that allow petitions to go ahead. It only cites Clark after a finding of untimeliness. It does not rely on Clark or cite Clark for the conclusion that the petition was untimely. You know, Your Honor, this was really a bad, bad injustice that took place in this case. This case proceeded on a very average kind of a course in a State habeas litigation. This case was before Bace, it was before Bonner. It is proceeding on a normal course. We file in the Superior Court before the AEDPA statute runs to protect the AEDPA by the tolling provision, and we get this really wild decision by the Sacramento Superior Court. I should know this, but I don't. If we were to hold that the California petitions in all three courts were timely filed, going along with your argument, do you need anything else to make your petition in federal court timely? No. As a matter of fact, that's what I think the Court should do, is find that all three petitions were timely. If the Court were to conclude that, well, the Sacramento Superior Court said it was untimely, how are we going to overrule him directly on that question? The Court still should find that it was timely filing in the Court of Appeal and in the California Supreme Court, because it doesn't make sense to impute that decision to these higher courts under all of the circumstances here. That would still preserve the central claim in this case. Thank you. Just one other thing, Your Honor, is that it's mentioned, but the California system, of course, we do not do review from one level to the other in the habeas process. Another reason the Yields to Presumption should not apply here is because we had a different record in the California Supreme Court than we had in the Superior Court, and that's developed and discussed at length in the brief. So they hardly incorporated the identical analysis. Thank you. Let's hear from the State. Paul O'Connor for Respondent. First, with regard to the issue of whether the Superior Court's denial order was well-grounded in California law, it was, in fact, well-grounded in California law, and this was briefed extensively in Maya Pelley's brief. But to just reiterate, basically because Petitioner's habeas claim was based on a matter outside the record, it should have been filed in conjunction with his appeal. And that's based on the California Supreme Court's decision in Harris, a 1993 case, and it's also, to some extent, based on the Clark decision, which is a California Supreme Court decision from 1993. And this is discussed extensively in my brief. I think the only other point I want to make is concerning Petitioner's showing of diligence in his later State petitions. Petitioner's counsel claims that he made a stronger showing of diligence in his later State petitions. Basically, Petitioner's habeas counsel could have started communicating with the fire district earlier to get the dispatch logs. He was retained in February of 2003. He says that he finished his review of the record in late spring or early summer of 2003. He only started pursuing the dispatch logs in November or December of 2003. His inability to contact the witness, Monique Jones, did not impede his ability to contact the fire district. So for all those reasons, he has not made an adequate showing of diligence. And there's no way that he's rebutted the Ilse presumption. The Ilse presumption should be applied, and it should be found that the State Supreme Court and appellate court denial orders were based on timeliness. Do you have information as to the past and current practices with respect to Petitioner's review limitations period in the Sacramento Superior Court? Not the Sacramento Superior Court specifically. However, it sounds like the Sacramento Superior Court was being very generous with Petitioner because the rule under Harris and also under Clark, and again, this was briefed extensively in my appellee's brief, the rule under Harris and Clark is that where the habeas claim is based on a matter outside the record, it should be filed, the habeas petition should be filed in conjunction with the appeal, you know, at the same time as the appeal. The Superior Court said because the habeas petition was filed more than a year after the remitter, in other words, more than a year after the appeal was finaled, that it was untimely. So if anything, the Sacramento Superior Court was being extremely generous with Petitioner, more generous than Clark and Harris require. So are there any other questions from the panel? I think not. Thank you. Thank you. Chief response? May I? Yes, please. Sure. I know the calendar is getting very long. Your case is as important as everybody else's, and we'll give you the time you need. So go ahead. I want to give you a shortcut. In the excerpts is the transcript of the colloquy between myself and the magistrate concerning timeliness, which would have everything in it that I would want to say to the court right now, and it was a fairly lengthy colloquy. Right now, I would point out that the magistrate found, and the district court adopted the finding, that the AEDPA statute on the dispatch logs claim did not even start to run until December of 2003, and that's because we didn't know about the fact that a prosecution witness, a government employee, had sat on a witness stand and given erroneous testimony interpreting dispatch logs. That was the secret. That was the evidence that we didn't know about. I have no idea how the Attorney General thinks anybody is supposed to file a petition in conjunction with an appeal when the factual basis for the petition is not known. It was not known until December of 2003, and California state law does not require it to be filed at any particular time. It starts the time limit running from when the factual basis is known. So that's all I'll say for now. Thank you. I thank both sides for your argument in Harrison v. Campbell. And we will take a ten-minute break before the next case. Next case is Fuentes v. Brown.
judges: Hug, Fletcher, Clifton